## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL E LOVE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  4:16-CV-00904-KPJ |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. 33). For the following reasons, the Court finds the motion (Dkt. 33) is **GRANTED**.

## I.     BACKGROUND

Plaintiff Michael E. Love filed the present action to preclude the foreclosure of the real property located at 536 Weeping Willow, Murphy, Texas 75094 (the "Property"). *See* Dkt. 6 at 1. Plaintiff executed a negotiable instrument (the "Note") secured by a deed of trust (the "Deed of Trust") for the Property. *See id.* Defendant asserts it is the owner and holder of the Note and beneficiary of the Deed of Trust by assignment of the mortgage. *See* Dkt. 33 at 1. Plaintiff alleges that Defendant must furnish reasonable proof that it is the transferee of the Note prior to proceeding with the collection of the unpaid debt through enforcement of its right to foreclose. *See* Dkt. 6.

On August 30, 2017, Defendant filed the Motion for Summary Judgment (Dkt. 33). After the Court warned Plaintiff for failing to file a timely response, Plaintiff filed a Response on September 21, 2017 (Dkt. 35). Plaintiff notifies the Court in the Response that he does not oppose Defendant's motion. *See* Dkt. 35 at 2.

## II.  LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are "irrelevant or unnecessary" do not affect the summary judgment determination. *See id.* at 248. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

## III.  ANALYSIS

Plaintiff vaguely asserts "debt collection violations" under "the Texas and Federal debt collection statutes," a claim for declaratory relief, and a claim for a temporary restraining order. *See* Dkt. 6 at 4. Defendant argues that it can demonstrate there is no genuine issue of material fact as to whether: (1) Defendant is the beneficiary of the Deed of Trust, providing the authority to foreclose on the Property; and (2) Defendant has violated any Texas or Federal debt collection statutes. *See* Dkt. 33 at 2.

Plaintiff's allegations implicate the "show-me-the-note" theory, which has been repeatedly rejected by the Fifth Circuit; thus, such allegations cannot form the basis of any claim in this lawsuit as a matter of law. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253-56 (5th Cir. 2013). Additionally, Plaintiff has produced no evidence to support his Texas and Federal debt collection claims. Finally, the Court finds the motion should be granted because Plaintiff does not oppose defendant's motion for summary judgment or dismissal with prejudice. *See* Dkt. 35 at 2. Thus, there is no genuine issue of material fact as to any of Plaintiff's claims, and the case should be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds the motion (Dkt. 33) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice.

**It is SO ORDERED**.

 **SIGNED this 22nd day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE